# UNITED STATES DISTRICT COURT
Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JUAN THOMPSON | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1: S1 17 CR 00165-01 (PKC)<br>USM Number: 46606-044<br><br>Mark Gombiner, Esq. (AUSA, Jacob Warren)<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  one and two.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2261 A(2) | Cyberstalking | 3/3/2017 | 1 |
| 18 U.S.C. 1038(a)(1) | Conveying False Information and Hoaxes | 3/3/2017 | 2 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  any open counts   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/16/2019
Date of Imposition of Judgment

_/s/_ 
Signature of Judge

P. Kevin Castel, U.S.D.J.
Name and Title of Judge

12-17-19
Date

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 months on Counts 1 and 2, to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
  defendant be imprisoned as close as possible to St. Louis.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　 Sheet 3A — Supervised Release

|   |   |   |
|---|---|---|
| Judgment—Page | 4 | of 8 |

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person of the risk and you must comply with that condition. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____    Date _____

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

# SPECIAL CONDITIONS OF SUPERVISION

You will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether you have reverted to using drugs or alcohol. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

You must participate in the Computer/Internet Monitoring Program administered by the U.S. Probation Office. You must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision and that can access the Internet. The U.S. Probation Office is authorized to install any application as necessary to survey all activity on computer(s) or connected device(s) owned or operated by you. You may be required to pay the cost of monitoring services at the monthly rate provided by the U.S. Probation Office. The rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, you must consent to and cooperate with unannounced examinations of any computer equipment owned or used by you. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

You must participate in an outpatient mental health treatment program approved by the United States Probation Office. You must continue to take any prescribed medications unless otherwise instructed by the health care provider. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

You must submit your person, residence, place of business, vehicle, and any property, computers (as defined in 18 U.S.C. § 1030(e) (1)), electronic communications, data storage devices and/or other media under your control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of your probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. You must inform any other residents that the premises may be subject to search pursuant to this condition.

You must not have contact with the victim(s) in this case, specifically Ms. Rossi and her family or any other victim(s). This includes any physical, visual, written, or telephonic contact with such persons. Additionally, you must not directly cause or encourage anyone else to have such contact with Ms. Rossi and her family or any other victim(s).

Defendant is supervised by the district of residence.

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ | $ |

☑ The determination of restitution is deferred until __1/16/2020__ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Restitution must be paid in monthly installments of 1 0% of gross monthly income over a period of supervision to commence 30 days after the date of the judgment or the release from custody if imprisonment is imposed.

The defendant must notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

If the defendant is engaged in a BOP non-UNICOR work program, the defendant must pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UN I COR program as a grade 1 through 4, the defendant must pay 50% of their monthly UN I COR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11.

Judgment — Page __8__ of __8__

DEFENDANT: JUAN THOMPSON
CASE NUMBER: 1: S1 17 CR 00165-01 (PKC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $ __200.00__   due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                 17 cr 165 (PKC)

        -against-                         ORDER SETTING FORTH
                                                 STATEMENT OF REASONS FOR
                                                 SENTENCE

JUAN THOMPSON,

                                   Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        At sentencing on December 16, 2019, the Court confirmed that:

        1.     The materials the Court had in hand were the only materials the parties thought it should have on the subject of sentencing.

        2.     The defendant had read, reviewed and discussed the revised Presentence Report ("PSR"), Addendum and Recommendation.

        3.     Neither side had any objections to the facts set forth in the PSR, whereupon the Court adopted the facts set forth in the PSR as the Court's Findings of Fact.

        4.     Neither side had any objections to the Guideline Calculation in the PSR whereupon the Court adopted the revised Guideline calculation in the PSR.

        5.     Defense counsel spoke on defendant's behalf and the defendant spoke on his own behalf. Victim-1, who spoke at defendant's original sentencing, again spoke eloquently about the serious harm she suffered as a result of the defendant's campaign against her. The government also spoke and urged that the sentence the Court had imposed on December 20, 2017 be reimposed.

...

Children), and had made anti-Semitic comments. Defendant made false accusations about Victim-1 to the NYPD, ATF and New York State Office of Professions.

Defendant escalated his actions by sending bomb threats and other threats to, among others, Jewish community centers, schools or institutions across the country, including the offices of the Anti-Defamation League in Manhattan, two schools in Manhattan, The Center for Jewish History in Manhattan, a community center in San Diego and a school in Farmington Hills, MI. (PSR ¶31). The defendant's purpose, in the main, was either to implicate Victim-1 as the source of the threats or to accuse Victim-1 of falsely accusing him of the threats. These threats caused terror and fear on the part of the recipients. They also diverted the attention of law enforcement and the organizations who had no choice but to treat the threats as real.

The Court considered defendant's difficult upbringing, including his mother's crack addiction and his father's absence and troubles with law enforcement. He is 34 and has no prior convictions. The Court also considered his alcoholism which was a contributing factor to his crimes. A forensic psychologist retained by the defendant's counsel observed symptoms of anxiety, depression and personality disorder but "[b]ased on the information provided for this evaluation, Mr. Thompson does not meet the criteria for a severe mental illness." He rated the risk for future violence as "moderate," "with a low risk for severe violence and a low risk of imminent violence." He provided assistance to the government on an unrelated matter (See sealed portion of the transcripts of December 20, 2017 and December 16, 2019.)

There is a need for just punishment in this case because the harm to Vicitm-1 was direct and severe. The harm to the organizations receiving bomb or other threats was also direct and serious. There is a need to protect the public from further crimes of this defendant. With a "moderate" risk of future violence, he is in danger of reoffending. There is an important need to

The Court then announced a proposed sentence (60 months imprisonment, 3 years supervised release, restitution to be imposed with a draft order submitted by the government within 30 days, waiver of the fine and imposition of the $200 special assessment) and delivered a statement of reasons for the sentence. Thereafter defendant's counsel was given the opportunity to speak setting forth any objection to the proposed sentence or the statement of reason to for the sentence. Defendant, by his counsel, had no objection. The government had no objection. Sentencing was then imposed and the defendant informed of his right to appeal.

In sentencing defendant, the Court considered all of the written submissions and arguments of the parties, as well as their oral statements, the written victim impact statement and the December 20, 2017 and December 16, 2019 oral statements of Victim-1. It considered all of the factors under section 3553(a).

The Court's reasons for the above Guideline sentence are as stated on the record at the time of sentencing on December 20, 2017, excluding the discussion of the two-level enhancement relating to the protective order. They include the following: Defendant embarked on a campaign of psychological torture against Victim-1. It was not a one-time error of judgment but a sustained campaign over months that did not stop until he was arrested. Defendant was an intelligent, well-educated individual (Bachelor's Degree from Vassar) who knew and appreciated the nature and consequences of his acts and why they were wrong. He harassed Victim-1, her employer and her co-workers. He spread false information that she had been pulled over for driving while intoxicated, was being sued for transmitting a sexually transmitted disease, had threatened to kill him, had confessed to regularly viewing child-pornography (this was reported by defendant to the National Center for Missing and Exploited

2

deter others from similar conduct. Cyberstalking of this extreme form can destroy a person's ability to function, to work and to live a normal life. Bomb threats are a harm to society, to law enforcement and to the organizations receiving the threats. They disrupt the public order. They are often difficult to detect and when uncovered they are in need of being deterred.

The Court has considered the Sentencing Guidelines, Policy Statements, and Official Commentary of the United States Sentencing Commission. It recognizes that the Guidelines are an important consideration in sentencing but they are advisory and that the Court has variance discretion. The Guidelines protect against unwarranted sentencing disparities. While the Court has often varied downward from the Guidelines, upward variances are rare.

An upward variance from the Guidelines is appropriate in this case for all of the reasons stated above, including that the conduct is far-more sustained, repeated, deliberate and damaging than what one would expect to find in the usual case. The Court would have imposed the same sentence in this case even if the Guidelines were calculated differently.

The sentence of 60 months imprisonment, 3 years supervised release, waiver of the fine, restitution (to be imposed within 90 days upon an order to submitted by the government within 30 days) and the $200 special assessment is, in this Court's view, sufficient but not greater than necessary to achieve the purposes of section 3553(a)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 16, 2019

4